UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAYTON GILES** | **\*  CIVIL NO. 6:11-1774** |
| **VS.** | **\* JUDGE DOHERTY** |
| **LOUIS ACKAL, ET AL.** | **\* MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

The Motion for Summary Judgment filed on February 1, 2012 by Iberia Parish Sheriff Louis Ackal ("Sheriff Ackal"), and Deputy Lester Hebert ("Deputy Hebert"), collectively, "the defendants")  has been referred to the undersigned for Report and Recommendation. [rec. docs. 8 and 13].  Plaintiff Clayton Giles ("Giles")  has filed no Opposition to the Motion and the delay allowed for the filing of an Opposition has expired.[1]

For the following reasons, it is recommended that the defendants' Motion for Summary Judgment [rec. doc. 8] be **GRANTED**.  Accordingly, all federal claims asserted by Clayton Giles in this action should be **DISMISSED WITH PREJUDICE**, and all state law claims asserted by Clayton Giles in this action should be **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

The undisputed evidence contained in the record demonstrates the following procedural history.  On June 6, 2011, Giles filed suit in Louisiana state court, alleging that

---

[1] L.R. 7.5W requires that written opposition to a motion be filed within twenty-one (21) days after service of the motion.

on June 17, 2010, he was arrested by Iberia Parish sheriff deputies employed by Sheriff Ackal. [rec. doc. 9-2, ¶ 1].  He further alleged that while he was being booked into the Iberia Parish Jail, the booking officers "slammed petitioner down", causing him to suffer an injury that required surgery to repair. [rec. doc. 8-1, pg. 1-2].  The sole defendant named in that lawsuit was Sheriff Ackal. [rec. doc. 9-2, ¶ 2].  Plaintiff sued the Sheriff under Louisiana state law theories of recovery only; no federal claims or causes of action were asserted.  Plaintiff's state court action remains pending. [*Id*.].

On October 4, 2011, Giles filed the instant lawsuit in this court, alleging both Louisiana state law claims and federal causes of action under 42 U.S.C. § 1983, based on the same facts which formed the basis of his previously filed state court action. [rec. doc. 9-2, ¶ 3 and 4].  More specifically, in addition to Louisiana state law claims asserted under Louisiana Civil Code article 2315, plaintiff asserts claims under 42 U.S.C. § 1983 for the alleged use of excessive force by Deputy Christopher Richard[2] and Deputy Hebert during his June 17, 2010 arrest and booking into the Iberia Parish Jail, denial of medical care, and a constitutional claim against the Sheriff and Deputies for alleged improper training and supervision. [*See* rec. doc. 1]. These federal claims were not asserted in Giles' previously filed state court action.   [rec. doc. 9-2, ¶ 4].

---

[2]The Motion has not been filed on behalf of Deputy Richard, apparently because, at the time of filing, he had not been properly served with this lawsuit.  *See* rec. doc. docs. 11 and 12].  The reasons for the grant of summary judgment apply equally to all federal claims asserted against Deputy Richard.

## LAW AND ANALYSIS

**Standard on Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

> Rule 56(e) provides, in pertinent part, as follows:
> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)[4], the court may: . . . (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it . . . .

The Motion for Summary Judgment is properly made and supported. Thus, Giles may not rest upon the allegations in his pleadings, but rather must go beyond the pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54 (1986). Additionally, summary judgment is mandated against a party who fails to make a showing sufficient to establish an

---

[3] Rule 56 was revised, effective December 1, 2010, "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." *See* Committee Notes, Rule 56.

[4] Rule 56(c)(1) provides, in pertinent part, as follows:
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

essential element of that party's case, and on which that party will bear the burden of proof at trial.  *Celotex*, 106 S.Ct. at 2552.

Giles has filed no opposition to the grant of the Motion, nor has he submitted evidence in opposition to the instant Motion.  Accordingly, Giles has failed to demonstrate that there is a genuine issue of material fact for trial.  Accordingly, summary judgment in favor of the defendants on plaintiff's federal claims is appropriate.

## I. Prescription

The Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim arose.  *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by Louisiana Civil Code article 3492 in a § 1983 action.  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). The date of accrual for a § 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007); *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). However, federal courts look to state law for its tolling provisions. *Jackson*, 950 F.2d 263, 265 (5th Cir. 1992) *citing Hardin v. Straub*, 490 U.S. 536, 538–39, 109 S.Ct. 1998 (1989).

"Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Moore v. McDonald*, 30 F.3d 616,

620-621 (5th Cir. 1994) *citing Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir. 1993). Stated differently, the statute of limitations begins to run when the plaintiff is in possession of the "critical facts" that he has been injured. *Id. quoting Lavellee,* 611 F.2d at 1131. Giles certainly possessed the "critical facts" concerning the allegedly unconstitutional use of force, denial of medical care and unconstitutional training or lack thereof on the day these acts allegedly occurred, that is, June 17, 2010.

Thus, it is clear that Giles' federal claims accrued on June 17, 2010, because by this date, plaintiff either knew, or should have known, the facts on which his alleged constitutional violations were based, whether or not he realized a legal cause of action existed. *See Piotrowski*, 51 F.3d at 516 *quoting Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). Since plaintiff's federal claims accrued on June 17, 2010, plaintiff had one year, or until June 17, 2011 to file his federal § 1983 action. However, this action was not filed until October 4, 2011, nearly one and one half years after his federal claims accrued and nearly four months after the limitation period had expired.

Under Louisiana law, "[p]rescription is interrupted when . . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. Civ. Code Art. 3462. "If prescription is interrupted, the time that has run is not counted" and "[p]rescription commences to run anew from the last day of the interruption." La. Civ. Code Art. 3466. The comments to article 3462 explain that "[t]he filing of suit in a competent jurisdiction and venue interrupts any kind of prescription *as to the causes of action therein*

5

*sued upon*, provided that the plaintiff is a proper party plaintiff and the defendant is a proper party defendant." La. Civ. Code art. 3462, Revision Comments(b) (emphasis added). Accordingly, the prescriptive period is only interrupted as to the causes of action filed in the earlier suit. *Ford v. Stone*, 599 F. Supp. 693, 695-96 (M.D. La. 1984), *aff'd,* 774 F.2d 1158 (5th Cir. 1985) (holding that plaintiff's state court petition failed to raise federal claims in a manner sufficient to interrupt prescription); *Joseph v. New Orleans*, 1996 WL 204433 (E.D. La. 1996), *aff'd*, 122 F.3d 1067, 1997 WL 464554 (5th Cir. 1997) (unpublished) (affirming summary judgment dismissing federal claims as prescribed because the filing of a suit in state court alleging only state law claims did not interrupt the prescriptive period with respect to federal claims); *Kaufman v. Singer*, 1999 WL 253522 (E.D. La. 1999); *see also Joseph v. New Orleans*, 1996 WL 293519 (E.D. La. 1996) (denying Motion to Alter or Amend Judgment).

    Applying these principles to the matter at hand, Giles' federal claims have prescribed. Although Giles filed suit stemming from his June 17, 2010 arrest in state court, no federal causes of action or allegations of constitutional violations were asserted in that proceeding, only garden variety state law claims were raised. Giles' claims under Louisiana state law and his § 1983 claims alleging Fourth and Fourteenth Amendment violations and a constitutional claim for failure to train and supervise rely on different legal theories and are different causes of action. *Joseph*, 1996 WL 293519 at *2 *citing Louviere v. Shell Oil Co.*, 440 So. 2d 93, 96 (La. 1983).

Because no federal claims were raised in plaintiffs' state court lawsuit, prescription on plaintiff's federal claims based on § 1983 was not interrupted by the filing of that suit. *See Ford, Jones and Kaufman, supra*. As such, prescription on Giles' § 1983 claims has run and they must be dismissed on summary judgment as prescribed.

## II. State Law Claims

In light of the above, all federal claims asserted in this action should be dismissed on summary judgment as prescribed. Accordingly, no federal question will remain before this court.

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*. Accordingly, the undersigned recommends that supplemental jurisdiction over Giles' state law claims should be declined, and that those claims be dismissed without prejudice.

## <u>CONCLUSION</u>

For the reasons stated above, **IT IS RECOMMENDED** that the defendants' Motion for Summary Judgment [rec. doc. 8] be **GRANTED**. Accordingly, all federal claims asserted by Clayton Giles in this action should be **DISMISSED WITH PREJUDICE**, and

7

all state law claims asserted by Clayton Giles in this action should be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

A courtesy copy of any objections or responses shall be provided to the District Judge at the time of filing.

Signed this 27th day of March, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE